412 So.2d 584 (1982)
STATE of Louisiana
v.
John MOSE.
No. 81-KA-2276.
Supreme Court of Louisiana.
April 5, 1982.
*585 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Eddie Knoll, Dist. Atty., Cliffe E. Laborde, III, Asst. Dist. Atty., for plaintiff-appellee.
Michael J. Johnson, Cottonport, for defendant-appellant.
EDWARD A. DUFRESNE, Jr., Justice. Pro Tem.[*]
Defendant was charged by bill of information with unlawfully possessing a firearm after having been convicted of a felony, to wit, aggravated battery. (La.R.S. 14:95.1) He entered a plea of not guilty and after a jury trial was found guilty by a unanimous verdict. Thereafter, the trial court sentenced the defendant to serve a term of three (3) years at hard labor and to pay a fine of $1,000.00, or in default thereof, to serve an additional six months at hard labor. From this conviction and sentence, the defendant has appealed.
Frederick L. Fontenot, a trooper with the State of Louisiana Department of Public Safety, testified that on December 20, 1980, he was called to assist the Marksville city police in the investigation of a double shooting. The officers had been told that a participant in the shooting had taken refuge in the home of one John Mose after she was wounded. In an attempt to locate a weapon involved in the incident, they went to Mose's home. Mose was seated on a sofa in his living room when the officers arrived. After they entered the home, they noted some blood spots on the floor. From his position in Mose's living room, Officer Fontenot could see a gun rack, with weapons on it, located in a bedroom. Officer Fontenot thought he recalled that Mose had once been convicted of aggravated battery but since he was not certain of that fact, he did not arrest defendant at that time. After the officer left the house, however, he verified his suspicions concerning Mose's conviction. On the basis of that information, the police obtained a warrant to search Mose's residence. In the course of the search, four weapons were found on a gun rack inside the house, and defendant was arrested and read his constitutional rights.
On appeal, the defendant contends that there was insufficient evidence to sustain the conviction. The purpose of La.R.S. 14:95.1 is to limit the possession of firearms by persons who, by their past commission of certain enumerated felonies, have demonstrated a dangerous disregard for the law and present a potential threat of further or future criminal activity. State v. Amos, 343 So.2d 166 (La.1977). As a result, three elements must be proven in order to convict an accused of this offense:
1.) status of defendant as a convicted felon
2.) possession by the defendant
3.) the instrumentality possessed was a firearm
At the trial, the state proved that the defendant was a convicted felon and that the weapons found were firearms. The third element to be proven is "possession". *586 In State v. Day, 410 So.2d 741 (La. 1982), this Court noted that R.S. 14:95.1 does not make "actual" possession a necessary element of the offense, nor does it specifically require that the defendant actually have the firearm on his person. Therefore, the Court concluded, "constructive" possession of a firearm satisfies the possessory element of 14:95.1. With regard to the sufficiency of the evidence, the applicable standard in this case is whether a rational trier of fact, after viewing the evidence in the light most favorable to the prosecution, could have found beyond a reasonable doubt that defendant was in possession of the firearms. State v. Day, supra; Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). At trial, defendant's son testified that the guns were located in defendant's bedroom, in defendant's home. The jury could therefore have been convinced beyond a reasonable doubt that the defendant was in possession of the firearms, as well as of the fact that he was a convicted felon. Accordingly, this assignment of error is without merit.
For the reasons assigned, the conviction and sentence of the defendant are affirmed.
AFFIRMED.
NOTES
[*] Judges Nestor L. Currault, Jr., and Fred S. Bowes of the Twenty-Fourth Judicial District Court and Edward A. Dufresne, Jr. of the Twenty-Ninth Judicial District Court participated in this decision as Associate Justices pro tempore, joined by Chief Justice John A. Dixon, Jr., and Associate Justices Walter F. Marcus, Jr., Fred A. Blanche, Jr., and Jack Crozier Watson.