870 So.2d 995 (2004)
STATE of Louisiana
v.
Ean Lavar JOHNSON.
No. 2003-K-1228.
Supreme Court of Louisiana.
April 14, 2004.
*996 Charles C. Foti, Jr., Attorney General, John Marvin, District Attorney, C. Sherburne Sentell, III, Minden, for applicant.
James E. Beal, for respondent.
KIMBALL, Justice.
In this case, we are asked to review the correctness of the court of appeal's decision reversing the unanimous conviction and sentence of a defendant in violation of La. R.S. 14:95.1, felon in possession of a firearm. For the reasons that follow, we hold that the court of appeal erred by making credibility determinations based on witnesses' testimony at trial and acted outside the scope of its duty to review the trial court's decision by substituting its opinion for that of the trier of fact.

FACTS AND PROCEDURAL HISTORY
On July 10, 2000, the defendant, Ean Lavar Johnson, was charged by a bill of information with possession of a firearm by a convicted felon, a violation of La. R.S. 14:95.1 in connection with his arrest on June 29, 2000.[1] On the night in question, at approximately 1:45 a.m., the Minden Police Department answered a disturbance call from the Southern Inn Motel. Upon arrival, the officers saw a car leaving the scene, which they stopped for a child restraint violation after seeing a small child standing up in the vehicle. Officer Wayne Chandler approached the automobile and noticed the strong smell of marijuana and that the driver appeared to be intoxicated. The officers placed their spotlights on the car, and throughout their investigation and search did not observe any furtive movements by any of the occupants of the car. Because Officer Chandler recognized the defendant, a passenger in the backseat of the vehicle, from past narcotics arrests, he focused his flashlight on him to see if he *997 attempted to dispose of narcotics while everyone else was removed from the car. When the defendant finally exited the vehicle, Officer Chandler looked inside it and found a small, .25 caliber automatic pistol on the floorboard of the car where the defendant's feet had been. None of the occupants of the vehicle responded when Officer Chandler asked to whom the gun belonged.
During the trial, Officer Chandler testified that he did not see the defendant make any type of furtive movements but the officer felt that the defendant "appeared nervous and [was] hiding something." As the others were exiting the vehicle, the officers testified that the defendant "was reluctant to leave, and repeatedly asked `why do I have to get out?'"
Officer Tim Morris testified at trial that he was assisting in removing and searching the occupants of the vehicle and noted that the defendant was the last person to exit the vehicle. Officer Morris did not recall seeing any objects being passed between any of the passengers and he testified that he did not observe the defendant making any furtive movements.
Sergeant Marvin Garrett also testified that the defendant was the last person to be removed from the vehicle and that it appeared that the defendant was reluctant to exit the vehicle. Sergeant Garrett also testified that he did not observe the defendant making any furtive movements and that none of the vehicle's passengers admitted owning the pistol.
The State's first adverse witness at trial, Monica Eason, testified that she was in the car, sitting in the middle of the backseat next to the defendant, on the night in question. She stated that they had just picked up the defendant to give him a ride home when they were stopped by the police. She further testified that the pistol belonged to her and that she had found it near a trash dumpster three months before the night of the incident. Eason testified that she had been carrying the pistol in her purse, but as she "scoot[ed] across the backseat to get out of the car, [she] took the gun out of [her] purse, and attempted to push it up under the driver's seat." She also testified that the officer removed the defendant from the car first and placed him in a patrol car. Further, she admitted that she remained silent when the officer asked to whom the gun belonged and it was not until six days after the defendant's arrest that she went to the police station to make a written statement that the pistol was hers and not the defendant's. During the State's questioning, Eason stated that she did not know how the pistol worked nor did she know where the safety was located.
Tinyia Reeder was also called by the State as an adverse witness at trial. She testified that she was also seated in the backseat of the vehicle with the defendant on the night of his arrest. She testified that as the police removed the defendant from the car, Eason whispered to her that she had a gun, and that Eason put the gun under the seat. Reeder also stated that she never saw the gun herself and was unable to recall which seat she was sitting in, but later testified that she was sitting on the right of the backseat.
The defendant testified that on June 29, 2000, he never saw or possessed the .25 caliber pistol found in the vehicle. He stated that his friends, Eason and Reeder, stopped to give him a ride and just moments later the car was stopped by the police. The defendant stated he was sitting in the backseat with Eason and Reeder, but that he did not see either of them with the pistol.
*998 The matter was submitted to the jury, which returned a verdict of guilty as charged and the defendant was later sentenced to 15 years at hard labor without benefit of parole, probation or suspension of sentence. The defendant's motion to reconsider the sentence was denied and the defendant appealed.
On appeal, the second circuit, with one judge dissenting, overturned the defendant's conviction and sentence. See State v. Johnson, 36,854 (La.App. 2 Cir. 3/14/03), 839 So.2d 1247. The appellate court found the defendant's first assignment of error meritorious holding that "[t]he evidence was not sufficient to prove either who possessed the firearm or that it was the defendant, and not the other passengers in the car, that had sufficient dominion and control over the firearm to constitute constructive possession." Johnson, 36,854 at p. 13, 839 So.2d at 1255.
On the application of the State, we granted certiorari to review the correctness of the court of appeal's decision reversing the defendant's conviction and sentence in violation of La. R.S. 14:95.1. State v. Johnson, 03-1228 (La.11/21/03), 860 So.2d 537.

LAW AND DISCUSSION
When reviewing the sufficiency of the evidence to support a conviction, Louisiana appellate courts are controlled by the standard enunciated by the United States Supreme Court in Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Sylvia, 01-1406, p. 2 (La.4/9/03), 845 So.2d 358, 361; State v. Captville, 448 So.2d 676, 678 (La. 1984). Therefore, the appellate court must determine that the evidence, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proved beyond a reasonable doubt. Sylvia, 01-1406 at p. 2-3, 845 So.2d at 361; Captville, 448 So.2d at 678. The trier of fact makes credibility determinations and may, within the bounds of rationality, accept or reject the testimony; thus, a reviewing court may impinge on the "fact finder's discretion only to the extent necessary to guarantee the fundamental due process of law." Sylvia, 01-1406 at p. 2-3, 845 So.2d at 361 (citing State v. Mussall, 523 So.2d 1305, 1310 (La.1988)).
In this case, to prove a violation of La. R.S. 14:95.1, the State must show that the defendant was in possession of a firearm and is a convicted felon. The controverted issue here is whether the defendant had the requisite intent to possess the weapon either through actual possession or through constructive possession. Whether the proof is sufficient to establish possession turns on the facts of each case. State v. Harris, 94-0970 (La.12/8/94), 647 So.2d 337, 338-39; State v. Bell, 566 So.2d 959, 960 (La.1990). Further, guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence. State v. Hearold, 603 So.2d 731, 735 (La.1992); State v. Trahan, 425 So.2d 1222, 1226 (La.1983); State v. Goiner, 410 So.2d 1085, 1086-87 (La. 1982).
Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. See State v. Mose, 412 So.2d 584, 585 (La.1982) (gun located in defendant's bedroom sufficient for constructive possession); State v. Frank, 549 So.2d 401, 405 (La.App. 3 Cir. 1989) (constructive possession found where gun was in plain view on front seat of a car the defendant was driving but did not own); State v. Lewis, 535 So.2d 943, 950 (La.App. 2 Cir.1988) (presence of firearm in defendant's home, statement by defendant that gun belonged to his wife, and *999 discovery of shoulder holster in the master bedroom indicated defendant's awareness, dominion and control over the firearm). Louisiana cases hold that a defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary and even if the control is shared. State v. Bailey, 511 So.2d 1248, 1250 (La.App. 2 Cir.1987), writ denied, 519 So.2d 132 (La.1988); State v. Melbert, 546 So.2d 948, 950 (La.App. 3 Cir.1989). However, mere presence of a defendant in the area of the contraband or other evidence seized alone does not prove that he exercised dominion and control over the evidence and therefore had it in his constructive possession. State v. Walker, 369 So.2d 1345, 1346 (La.1979).
On appeal in the present case, the defendant argued, and the court of appeal agreed, that the State's case as to actual possession of the firearm by the defendant was "very weak," citing the fact that no one testified to seeing the defendant holding the gun and the State could not place his fingerprints on the gun. The court of appeal also found that the State's constructive possession argument was weakened by the fact that the car was not the defendant's. Further, the court of appeal found that as to both actual and constructive possession the only evidence supporting the conviction was that the gun was found near the defendant's seat in the car after his removal from the vehicle. That evidence, the court of appeal concluded, could not exclude other reasonable hypotheses of innocence including that the firearm was on the floorboard when the defendant got into the car or had been "discreetly" dropped by one of the passengers even as the officers scanned them to detect any such movement.
On the other hand, the State asserts that based on Officer Chandler's account of the incident there was evidence that the defendant had actual possession of the firearm because his feet were on top of it in an effort to conceal it from detection which coincides with his reluctance to exit the vehicle. The State contends that the court of appeal, instead of viewing the evidence in the light most favorable to the prosecution, considerably understated the strength of the prosecution's case when it noted that the firearm had been found on the floorboard "near" where the defendant had been sitting. In fact, review of the trial transcript supports this argument, as Officer Chandler testified, in pertinent part:
A. We found a small .25 caliber pistol laying where his feet were ... He appeared to be hiding something from us. He refused to make eye contact. We had to ask him several times to get out of the vehicle. It was like he was scared to get out. We assumed there was narcotics in the vehicle, is what we were looking for ... He kept asking "why do I got to get out? Why do I have to get out of the car?"
Q. And the gunthe gun was located then right where his feet were? It that correct?
A. Yes, sir.
Q. So ... is it obvious to you then that if the gun was there his feet were either on it hiding it from your light or ... right located underneath his feet?
A. Yes, sir.
Tr. At 15-16.
Thus, the State argues in its application that any rational trier of fact could conclude from this testimony that the defendant knew the weapon was in the vehicle and had exercised dominion and control over it by attempting to conceal it from the police.
*1000 We find the State's argument to be well-founded in that it appears the court of appeal erred by substituting its appreciation of the evidence presented at trial for that of the jury when it concluded that the State had failed to prove the defendant's dominion and control over the gun sufficient to place it in his constructive possession. State v. Mose, 412 So.2d 584, 585 (La.1982); State v. Day, 410 So.2d 741, 743 (La.1982). The evidence presented by the State was sufficient to prove that the defendant was in fact in possession of the weapon and that this possession was enough to sustain a conviction on the charge of a felon in possession of a firearm, La. R.S. 14:95.1. In its opinion, the court of appeal even concedes that it was "apparent from the guilty verdict that the jury chose not to believe the two witnesses [Eason and Reeder]." In this matter, the jury made a credibility determination and found Eason and Reeder's accounts unconvincing. Consequently, it was inappropriate for the court of appeal to impinge on the fact finder's discretion to rely instead on the testimony of Officer Chandler absent a showing that the defendant was not granted the fundamental due process of law. See Sylvia, 01-1406 at p. 2-3, 845 So.2d at 361; Mussall, 523 So.2d at 1310.

CONCLUSION
Accordingly, we hold that the court of appeal erred by making credibility determinations based on witnesses' testimony at trial and acted outside the scope of its duty to review the trial court's decision by substituting its opinion for that of the trier of fact.

DECREE
For the foregoing reasons, the judgment of the court of appeal is reversed and the defendant's conviction and sentence are reinstated.
REVERSED; CONVICTION AND SENTENCE REINSTATED.
JOHNSON and KNOLL, JJ., dissents and assigns reasons.
JOHNSON, Justice, dissenting.
I agree with the court of appeal's conclusion that the evidence is insufficient to support a finding, beyond a reasonable doubt, that the defendant had either actual possession of the firearm or sufficient dominion and control over it to constitute constructive possession. The police officer did not testify that the firearm was seen protruding out from beneath the defendant's feet. According to the officer's testimony, after the defendant exited the vehicle, a small .25 caliber automatic pistol was discovered where the defendant's feet had been. The officer merely assumed that the defendant had been hiding it under his feet.
Moreover, in my opinion, the evidence is woefully inadequate to prove that the defendant possessed the requisite intent to possess the firearm. There is no evidence that he intentionally hid the gun under his feet or that he even knew that the gun was on the floorboard of the vehicle. The vehicle was stopped at night, for a child restraint violation, mere moments after the defendant was given a ride. It is axiomatic that the defendant did not enter the vehicle with the gun, as his fingerprints were not found on it. Thus, it is unbelievable that he would intentionally hide it almost as soon as he entered the vehicle. Moreover, Monica Easton, who was seated in the backseat of the vehicle next to the defendant, testified at trial that the gun belonged to her.
For the foregoing reasons, I respectfully dissent.
*1001 KNOLL, Justice, dissenting.
I respectfully dissent from the majority opinion. I find the State failed to prove beyond a reasonable doubt the defendant either had actual or constructive possession of the firearm, an essential element to the crime of possession of a firearm by a convicted felon. State v. Husband, 437 So.2d 269, 271 (La.1983). Admittedly, the circumstances appear suspicious for the defendant, but suspicion falls short of proof beyond a reasonable doubt.
When the defendant has not carried the firearm on his person, the State has the burden of proving the defendant's intent amounted to an intent to possess rather than a mere acquiescence that there was a firearm in his presence. State v. Heacox, 543 So.2d 101 (La.App. 3 Cir.1989). In Heacox, the defendant argued the evidence was insufficient to support his conviction under LA.REV.STAT. ANN. § 14:95.1, because the gun was partially covered by a holster, and it was lying on the car seat between him and the driver/owner of the car. In addition, the gun was found to belong to the mother of the driver. In reversing the defendant's conviction, the Third Circuit noted there was no evidence introduced to show the defendant was aware that the gun was in the car, or that if he was aware of its presence "there was no evidence that Heacox's intent amounted to an intent to possess rather than a mere acquiescence to the fact that [the driver] had a gun in his truck ... Therefore, the evidence falls short of proving beyond a reasonable doubt that Heacox was in constructive possession of the weapon." Heacox, 543 So.2d at 105.
Other cases determining the sufficiency to support a conviction under LA.REV.STAT. ANN. 14:95.1 have required an intentional or knowing possession of the firearm or concealed weapon. In State v. Hills, 451 So.2d 1346 (La.App. 1 Cir.), reversed in part as to sentence, 457 So.2d 1183 (La. 1984), the court found the defendant possessed the gun found on the floorboard next to the accelerator of the car the defendant was driving. The defendant, as the sole occupant of the car, had dominion and control over the gun, especially because the gun was positioned in such a way that anyone driving the car "could not have failed to notice it." Id. at 1347. In State v. Cobb, 419 So.2d 1237 (La.1982) the Court found sufficient evidence of a violation of LA.REV.STAT. ANN. § 14:95.1 where the defendant admitted he knew his wife's gun was in the car he was driving. In State v. Lewis, 535 So.2d 943 (La.App. 2 Cir.1988), writ denied, 538 So.2d 608 (1989), cert. denied, Lewis v. Louisiana, 493 U.S. 963, 110 S.Ct. 403, 107 L.Ed.2d 370 (1989), the defendant contended he was unaware of the guns found in his house because he had been out of town in the days prior to the execution of the search warrant for the house which uncovered the guns. He also argued his wife had the guns for her protection. The Second Circuit rejected these arguments, finding that the location of several high-tech weapons in the master bedroom of the house, while being allegedly for the wife's protection, was such that the defendant must have been aware of their presence. In State v. Frank, 549 So.2d 401 (La.App. 3 Cir.1989), the court rejected the defendant's argument he was unaware the gun was in his car in which the police found him. The gun was lying on the seat right next to the defendant, who was unconscious, and the defendant was the sole occupant of the car. In State v. Hayes, 561 So.2d 184 (La.App. 5 Cir.1990), the court rejected the defendant's contention he did not know a gun was in the car he was driving. Although the owner of the car testified the defendant merely borrowed the car and that he (the owner) had put the gun in the car, the gun was on the *1002 floorboard of the car on the driver's side, and the defendant was seen leaving ammunition next to a pay telephone which he had used just prior to being stopped by the police.
A cursory examination of these cases shows that in those instances where the defendant's guilt was upheld, there was evidence that excluded every reasonable hypothesis of innocence. In the present case, I find that viewed in the light most favorable to the State, the evidence does not exclude other reasonable hypotheses of innocence. As noted in the appellate court opinion in the case sub judice, other reasonable hypotheses were: (1) the weapon was on the floorboard of the car prior to defendant's entry into the vehicle; (2) one of the other passengers or the driver dropped the firearm on the floorboard prior to the arrival of law enforcement; (3) one of the other passengers discretely dropped the firearm while the police officers attention focused on defendant. Johnson, 839 So.2d at 1254. Moreover, if the evidence showed that defendant was in possession of the weapon, why did the officer have to ask who owned the gun? After no one answered, the officer arrested defendant for possession of the gun because the weapon was under or near his feet. Notwithstanding, the State presented no evidence to show that defendant knew the gun was under or near his feet. While this evidence is certainly suspicious, it is not, in my view, proof beyond a reasonable doubt.
For these reasons, I would affirm the appellate court's decision in this matter.
NOTES
[1] The defendant had been previously convicted of Felony Possession of Marijuana on October 12, 1998, in the 26th Judicial District Court, Webster Parish, Louisiana, and convicted of Two Counts of Felony Possession of Marijuana on May 8, 1998, in the 26th Judicial District Court, Webster Parish, Louisiana.