MOORE, J.
 

 L Steven Dewayne Roundtree appeals his conviction of possession of a firearm by a convicted felon. For the reasons expressed, we affirm.
 

 Factual Background
 

 Shortly before 10 a.m. on November 29, 2006, Deputy Dennis Buckingham of the Shreveport City Marshal’s Office came to Roundtree’s house on Glenwick Street in Sunset Acres to execute a warrant against him. He knocked on the front door, but a black female answered and said Roundtree was not at home. Dep. Buckingham noticed two vehicles parked in the front yard, including a red Chevy Suburban; he noted its tag number and left. Moments later, a check of the tag showed that the Suburban was registered to Roundtree. Suspecting that Roundtree was indeed in the house, Dep. Buckingham called for backup. Another city marshal, Deputy David Ember-ton, and two Shreveport Police officers returned to the house about 10 a.m. and formed a perimeter around it.
 

 The marshals knocked on the back door and announced they were looking for Roundtree. Getting no response, they breached the back door and entered the house. Upon entry they saw Roundtree, dressed in boxer shorts and a skullcap, walking out of a back bedroom. Dep. Buckingham placed him under arrest while Dep. Emberton searched the bedroom. Dep. Emberton saw “what appeared to be a weapon sticking between the mattress and the box springs,” a Hi-Point .380-caliber handgun. In the nightstand next to the bed he found two magazines loaded with live rounds, a gun box, a box of .380-cal. bullets and Roundtree’s state-issued ID card.
 

 | ¡.Roundtree was taken into custody on the outstanding warrant and later charged with possession of a firearm or carrying a concealed weapon by a convicted felon, La. R.S. 14:95.1. Roundtree waived a jury trial and proceeded to a bench trial in March 2009.
 

 At trial, Deps. Buckingham and Ember-ton testified as outlined above. The state offered into evidence the gun, magazines, box and bullets seized from the bedroom, but not the Louisiana ID card that Dep. Emberton seized from the nightstand. The parties stipulated that Roundtree had a 1999 conviction for simple kidnapping.
 

 Roundtree testified, admitting that he had been asleep in the bed where the gun was found but insisting he had no idea it was stuffed between the mattress and box
 
 *514
 
 springs. He explained that he was working as a machinist in Carthage, Texas, and commuting daily; because of some burglaries from his yard, he asked his girlfriend Jackie Moss to stay at the house while he was working the 3-11 p.m. shift. When he got home a little after midnight the morning of his arrest, Jackie was already asleep; because he was tired, he too went straight to bed in the back bedroom. He woke her up that morning so she could go to work; the marshals came knocking about two hours later. He admitted it was “dumb” not to answer the door, but he had outstanding traffic warrants and did not want to be arrested. He insisted that the gun belonged to Jackie, and he had no idea she had brought it to his house. He also asserted that he had no Louisiana ID or driver’s license.
 

 Jackie testified that she bought the gun in July 2005 and offered a firearm acquisition and disposition form to prove that it was hers. She |sstated that because of some thefts from Roundtree’s yard, he had asked her to stay at the house while he was at work; she brought the gun for her protection, and the night before his arrest she placed it between the mattress and box springs (in an earlier affidavit she said “between the pillows”). She also testified that they both had slept in the bed, with her on the side by the door, where the gun was found; the next morning she was running late and hurried out of the house about 5 a.m. without telling Roundtree about the gun. She asserted she never told him she was bringing a gun to his house.
 

 The district court ruled from the bench that neither Roundtree nor Jackie Moss was a credible witness, with the numerous inconsistencies in their testimony and the general implausibility of asking Jackie to stay at the house for protection. Accepting the marshals’ account, the court found Roundtree guilty as charged and later sentenced him to 12⅜ years at hard labor, a $1,000 fine and court costs.
 

 Roundtree has appealed, raising one assignment of error.
 

 Discussion
 

 By his sole assignment of error, Round-tree urges the evidence was insufficient to prove he had either actual or constructive possession of the gun. He argues that his lack of ownership of the gun was fully established, and that mere presence in an area where a firearm is discovered does not necessarily establish possession.
 
 State v. Walker,
 
 369 So.2d 1345 (La.1979). He also contends that the testimony of himself and Jackie Moss negated the requisite general intent to commit the crime. La. R.S. 14:95.1;
 
 State v. Johnson,
 
 2003-1228 (La.4/14/04), 870 So.2d 995.
 

 |4The state responds that the district court reasonably rejected the defense testimony as lacking credibility, and that the record fully supports the finding of constructive possession.
 

 The standard of appellate review is “whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.”
 
 Jackson v. Virginia,
 
 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979);
 
 State v. Tate,
 
 2001-1658 (La.5/20/03), 851 So.2d 921, cert
 
 denied,
 
 541 U.S. 905, 124 S.Ct. 1604, 158 L.Ed.2d 248 (2004). This standard, now legislatively embodied in La. C. Cr. P. art. 821, does not provide the appellate court with a vehicle to substitute its own appreciation of the evidence for that of the fact finder.
 
 State v. Pigford,
 
 2005-0477 (La.2/22/06), 922 So.2d 517. The trier of fact is charged to make a credibility evaluation and may, within the bounds of rationality, accept or reject the testimony of any
 
 *515
 
 witness; the reviewing court may impinge on that discretion only to the extent necessary to guarantee the fundamental due process of law.
 
 State v. Sosa,
 
 2005-0213 (La.1/19/06), 921 So.2d 94. In the absence of internal contradiction or irreconcilable conflict with the physical evidence, one witness’s testimony, if believed by the trier of fact, is sufficient to support a factual conclusion.
 
 State v. Higgins,
 
 2003-1980 (La.4/1/05), 898 So.2d 1219.
 

 To prove a violation of La. R.S. 14:95.1, the state must show that the defendant was in possession of a firearm and is a convicted felon.
 
 State v. Johnson, supra.
 
 As Roundtree stipulated to the prior felony, the only issuers whether he had the requisite intent to possess the weapon either by actual or constructive possession. Whether proof is sufficient to establish possession turns on the facts of each case.
 
 State v. Harris,
 
 94-0970 (La.12/8/94), 647 So.2d 337. In
 
 State v. Johnson, supra
 
 at pp. 5-6, 870 So.2d 998-999, the court explained constructive possession:
 

 Constructive possession of a firearm occurs when the firearm is subject to the defendant’s dominion and control.
 
 State v. Mose,
 
 412 So.2d 584, 585 (La. 1982) (gun located in defendant’s bedroom sufficient for constructive possession);
 
 State v. Frank,
 
 549 So.2d 401, 405 (La.App. 3 Cir.1989) (constructive possession found where gun was in plain view on front seat of a car the defendant was driving but did not own);
 
 State v. Lewis,
 
 535 So.2d 943, 950 (La.App. 2 Cir.1988) (presence of firearm in defendant’s home, statement by defendant that gun belonged to his wife, and discovery of shoulder holster in the master bedroom indicated defendant’s awareness, dominion and control over the firearm). Louisiana cases hold that a defendant’s dominion and control over a weapon constitutes constructive possession even if it is only temporary and even if the control is shared.
 
 State v. Bailey,
 
 511 So.2d 1248, 1250 (La.App. 2 Cir.1987),
 
 writ denied,
 
 519 So.2d 132 (La.1988);
 
 State v. Melbert,
 
 546 So.2d 948 (La.App. 3 Cir.1989). However, the mere presence of a defendant in the area of the contraband or other evidence seized alone does not prove that he exercised dominion or control over the evidence and therefore had it in his constructive possession.
 
 State v. Walker,
 
 369 So.2d 1345, 1346 (La.1979).
 

 Both marshals described seeing Roundtree emerge from the bedroom where the gun was found, and Roundtree admitted he had been sleeping in the bed where the gun was protruding from between the mattress and box springs. Dep. Emberton added, “Unless he’s blind, he would have seen that weapon sticking out from between the mattresses.” The courts have regularly found that a gun placed under the mattress of a bed where the defendant sleeps is subject to his dominion and control.
 
 State v. Anderson,
 
 36,969 (La.App. 2 Cir. 4/9/03), 842 So.2d 1222 (gun under the mattress in |r,the defendant’s master bedroom);
 
 State v. Jackson,
 
 97-1246 (La.App. 5 Cir. 4/13/98), 712 So.2d 934,
 
 writ denied,
 
 98-1454 (La.10/16/98), 726 So.2d 37 (gun found in defendant’s bedroom under the mattress on which he usually slept);
 
 State v. Paul,
 
 05-612 (La. App. 5 Cir. 2/14/06), 924 So.2d 345 (gun found between the pillows where defendant usually slept). The instant record supports the district court’s finding of dominion or control.
 

 Further, the defense witnesses’ position that Roundtree knew nothing about the gun in the bedroom was unconvincing, even on the impassive record. In a pretrial affidavit, Jackie said she hid the gun between the pillows, but stated at trial it
 
 *516
 
 was actually under the mattress; she testified that she woke up around 5 a.m. and left the house, somewhat at odds with Roundtree’s account of having to wake her up and see her out; if she really left at 5 a.m., she could not have answered the door when Dep. Buckingham knocked shortly before 10 a.m. Beyond these discrepancies, the district court rejected as implausible the whole premise that Roundtree would ask the unarmed Jackie to stay at his house to protect it from burglars. We can find no basis to disturb the district court’s reasonable credibility call. The assigned error lacks merit.
 

 We have also reviewed the entire record and found nothing we consider to be manifest error. La. C. Cr. P. art. 921(2).
 

 Conclusion
 

 For the reasons expressed, Steven Dewayne Roundtree’s conviction and sentence are affirmed.
 

 AFFIRMED.