SUSAN M. CHEHARDY, Judge.
|20n appeal, defendant challenges the sufficiency of the evidence used to convict him of being a felon in possession of a firearm. For the following reasons, we affirm defendant’s conviction and sentence.

Procedural history

On April 12, 2006, the Jefferson Parish District Attorney filed a bill of information charging defendant, Troy Christmas, with possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1.[1] On September 7, 2011, a 12-person jury found defendant guilty as charged. On September 19, 2011, the trial judge sentenced defendant to imprisonment at hard labor for 12 years without benefit of parole, probation, or suspension of sentence.

Facts

On March 21, 2006, at approximately 2:00 a.m., Detectives Jason Monnerjahn and Evan Módica of the Jefferson Parish Sheriffs Office were in an unmarked vehicle patrolling the 500 block of North Elm Street in Metairie, which is a known high-crime, high-narcotics area. While patrolling, Detective |sMonnerjahn observed a hand-to-hand transaction between a driver, seated in a stopped vehicle, and an individual standing on the street.
After Detective Monnerjahn relayed his observation to other agents patrolling the area, Federal Agent Chris Morris and Sergeant Kenneth Latore proceeded to North Elm to assist the detectives. When Detectives Monnerjahn and Módica pulled up, they saw four or five individuals near two vehicles. Immediately, two of those people ran in different directions. Detectives Monnerjahn and Módica exited their vehicle and chased the fleeing individuals.
As the other officers pursued the fleeing subjects, Agent Morris exited his vehicle and observed defendant standing between the two vehicles. Agent Morris’s view of defendant’s hands was obstructed. Agent Morris, who recognized defendant from previous investigations, commanded him to raise his hands.
Defendant became nervous, reached toward his waistband, tugged something then slightly dipped his shoulder toward the ground. Right after defendant’s shoulder dipped toward the ground, Agent Morris heard a metallic “clink,” like something metal hit the ground. Agent Morris immediately thought that the defendant *458 had thrown a metal weapon to the ground so he drew his weapon and again ordered defendant to show his hands.
As Agent Morris circled around the front of his vehicle, defendant raised his hands as Agent Morris had requested. After Agent Morris handcuffed defendant, he immediately searched the ground around defendant’s feet, and within two feet of the defendant, Morris found a firearm on the ground. The weapon was partially underneath one of the vehicles lying in a mixture of gravel and grass.
Agent Morris testified that the gun did not look like it had been lying on the ground for any length of time. He also testified that the gun was warm when he Upicked it up, and it would have been cold if it had been lying there for hours due to the cold weather.[2] After Agent Morris picked up the weapon, he “made it safe,” then secured it on his person, then in his vehicle.
Lieutenant Kelly Carrigan, the State’s expert latent print analyst, examined the firearm on July 9, 2008, while Mark Rogers, defendant’s latent print expert, watched, but Lieutenant Carrigan could not find any usable latent prints. Mr. Rogers testified that the gun was generally in a poor state of repair with dirt on the grip frame and corrosion on the slide but admitted that the gun could still operate mechanically. He also explained that the dirt in the grip frame could be consistent with somebody dropping the gun in an area with gravel. Mr. Rogers further testified that the gun was not stored in a manner in which prints could be lifted.
The State and the defense stipulated that defendant on trial was the same individual who was arrested for felony possession of a firearm on March 21, 2006. The parties further stipulated that defendant was the same individual who pled guilty to possession of crack cocaine on November 19, 1999, in Criminal District Court, Section C, in Orleans Parish in case number 410-509.
After hearing the testimony and reviewing the evidence, a 12-person jury found defendant guilty as charged. Defendant’s timely appeal follows.

Law and argument

In his only assignment of error, defendant argues that the evidence was insufficient to support the jury’s verdict. Specifically, he contends that the State failed to prove that he ever possessed the gun or that it had been recently handled by anyone. Defendant further contends that the testimony of the officers was inconsistent and contradictory. The State responds that after viewing the evidence Lin the light most favorable to the prosecution, a rational trier of fact could have found that defendant was guilty.
In reviewing the sufficiency of evidence, an appellate court must determine that the evidence, whether direct or circumstantial, or a mixture of both, viewed in the light most favorable to the prosecution, was sufficient to convince a rational trier of fact that all of the elements of the crime have been proven beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Neal, 00-674 (La.6/29/01), 796 So.2d 649, 657, cert. denied, 535 U.S. 940, 122 S.Ct. 1323, 152 L.Ed.2d 231 (2002).
In cases involving circumstantial evidence, the trial court must instruct the jury that, “assuming every fact to be proved that the evidence tends to prove, in order to convict, it must exclude every *459 reasonable hypothesis of innocence.” La. R.S. 15:438. The reviewing court is not required to determine whether another possible hypothesis of innocence suggested by the defendant offers an exculpatory explanation of events. Rather, the reviewing court must determine whether the possible alternative hypothesis is sufficiently reasonable that a rational juror could not have found proof of guilt beyond a reasonable doubt. State v. Mitchell, 99-3342 (La.10/17/00), 772 So.2d 78, 83; State v. Washington, 03-1135 (La.App. 5 Cir. 1/27/04), 866 So.2d 973, 977.
In the instant case, defendant was convicted of possession of a firearm by a convicted felon, in violation of La. R.S. 14:95.1. In order to convict a person of violating La. R.S. 14:95.1, the State must prove: 1) the defendant possessed the firearm; 2) the defendant had a prior conviction for an enumerated felony; 3) the defendant possessed the firearm within ten years of the prior conviction; and 4) the defendant had the general intent to commit the offense. State v. Watson, 08-214 (La.App. 5 Cir. 8/19/08), 993 So.2d 779, 784.
| ^Actual possession of a firearm is not necessary to prove the possession element of La. R.S. 14:95.1. Constructive possession is sufficient to satisfy the element of possession. State v. Day, 410 So.2d 741, 743 (La.1982). A person is in constructive possession of a firearm if the firearm is subject to his dominion and control. State v. Johnson, 03-1228 (La.4/14/04), 870 So.2d 995, 998. A person’s dominion over a weapon constitutes constructive possession, even if it is only temporary in nature and even if control is shared. Id. at 999.
A defendant’s mere presence in an area where a firearm was found does not necessarily establish possession. Id. The State must prove that the offender was aware that a firearm was in his presence and that the offender had the general intent to possess the weapon. Guilty knowledge may be inferred from the circumstances and proved by direct or circumstantial evidence. Id. at 998.
On appeal, defendant does not challenge the evidence as to his prior conviction or the ten-year cleansing period. Rather, defendant contends that the State failed to prove that he actually or constructively possessed the gun.
At trial, Agent Morris testified that defendant removed something from his waistband then dipped his shoulder and body down slightly, after which the agent heard a metallic sound when something hit the ground. When Agent Morris searched the immediate area near defendant’s feet, he found a firearm within two feet of defendant.
In his brief, defendant notes that the State did not initially submit the gun for fingerprint testing even though the other evidence collected was submitted for fingerprints testing. Defendant further points out that the gun was only tested for fingerprints more than two years after the incident because the defense requested and hired an expert to oversee that testing. Defendant also claims that the gun was purposely not properly preserved for testing. Finally, defendant asserts that the 17officers gave contradictory testimony regarding the scene, the suspects, and the alleged dropping of the gun.
We note that defense counsel, through cross-examination, put the issues he has raised on appeal, such as the cartridges, the condition and the testing of the gun, and the credibility of the officers, before the twelve-person jury. Nevertheless, the jury chose to rely on the testimony of the State’s witnesses and find that the State had proven that defendant either *460 actually or constructively possessed the weapon. The credibility of witnesses is within the sound discretion of the trier of fact, who may accept or reject, in whole or in part, the testimony of any witness. State v. Rowan, 97-21 (La.App. 5 Cir. 4/29/97), 694 So.2d 1052, 1056. We will not reweigh the credibility of the witnesses on appeal. Id.
Considering the evidence presented at trial and the pertinent law, we believe that a rational trier of fact could have found that the State presented sufficient evidence to support the jury’s verdict that the defendant actually or constructively possessed the weapon. This assignment of error lacks merit.

Eirors patent

Finally, pursuant to La.C.Cr.P. art. 920, we have reviewed the record for errors patent. We have found no errors that require correction.

AFFIRMED

. Two co-defendants were charged in the same bill of information with one count of possession with intent to distribute cocaine in violation of La. R.S. 40:967 A. Further, an additional co-defendant was charged in a third court with possession of cocaine in violation of La. R.S. 40:967 C. However, the cases were not tried at the same time and this appeal pertains solely to defendant herein, Troy Christmas.

. The officers testified that, when they were patrolling during the early morning hours of March 21, 2006, the temperature was about 50°F.