Judgment rendered August 27, 2025.
Application for rehearing may be filed
within the delay allowed by Art. 922,
La. C. Cr. P.

No. 56,403-KA

COURT OF APPEAL
SECOND CIRCUIT
STATE OF LOUISIANA

* * * * *

STATE OF LOUISIANA                    Appellee

versus

JERMAINE J. OWENS                     Appellant
AKA JERMAINE ALLEN

* * * * *

Appealed from the
First Judicial District Court for the
Parish of Caddo, Louisiana
Trial Court No. 394,735

Honorable Ramona Emanuel, Judge

* * * * *

LOUISIANA APPELLATE PROJECT           Counsel for Appellant
By: Peggy J. Sullivan

JERMAINE J. OWENS                     Pro Se
AKA JERMAINE ALLEN

JAMES E. STEWART, SR.                 Counsel for Appellee
District Attorney

FERNANDO B. GRIDER, JR.
ERIC M. WHITEHEAD
Assistant District Attorneys

* * * * *

Before PITMAN, ROBINSON, and HUNTER, JJ.

**PITMAN, C. J.**

The jury found Defendant Jermaine J. Owens guilty of simple assault and guilty as charged of possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery. The trial court determined that Defendant was a fourth felony habitual offender and sentenced him to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence for the conviction of possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery and to serve 90 days in parish jail for the conviction of simple assault. It ordered the sentences to run concurrently with each other. Defendant appeals. For the following reasons, we affirm his convictions and sentences.

## FACTS

On September 20, 2023, the state filed an amended bill of information charging Defendant with domestic abuse aggravated assault in violation of La. R.S. 14:37.7 and possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery in violation of La. R.S. 14:95.10. It alleged that on or about April 4, 2023, Defendant committed an assault with a dangerous weapon, i.e., a handgun, upon April Deloney, a household member or family member of Defendant, by pushing her on the ground while yelling, "I will kill you." It also alleged that Defendant possessed a firearm and was previously convicted of domestic abuse battery on March 7, 2022.

A jury trial was held on January 24, 2024. Deloney testified that she and Defendant had been married for approximately three and a half years and that she was in the process of divorcing him. She stated that they lived

together in an apartment on Chalmette Drive in Caddo Parish. She recounted the events leading up to Defendant's arrest. She explained that when she arrived home after work, Defendant was upset because he had to take the bus that day while she used the car. He was arguing, cursing and yelling, but she did not argue back. He followed her around the apartment, pushed her and choked her "a little bit." She testified that he then pushed her onto the floor "real hard" and pulled out a gun from his pants, pointed it at her and said, "bitch, I will kill you."[1] She asked him why he was doing that, he put the gun down and she went into the bathroom to call 911. She described the gun as a black and purple 9 millimeter handgun. She stated that she was afraid Defendant would shoot her, so she went outside, and Defendant followed her. She explained that she was sitting in her car when law enforcement arrived. She helped law enforcement locate the firearm, which was inside Defendant's backpack. She stated that she also had a firearm in the apartment but that it was not on her person during the incident. She noted that Defendant had affairs during their marriage and that the firearm he used was stolen from one of those women. Deloney testified that Defendant had been violent in the past, including an incident in Bossier Parish where they were sitting in a parked car and Defendant punched her in the face, continued to hit her and then dragged her out of the car. She stated that the Bossier incident was nolle prossed because she did not want to go to court. She noted that while he was in jail, Defendant advised her not to show up to court so that the charges would be dropped. She stated that

---

[1] The jury also listened to a recording of Deloney's interview with an investigator from the Caddo Parish District Attorney's Office. During this interview, she provided a narrative consistent with her trial testimony.

2

Defendant broke her arm after he was released from jail following the Bossier incident because he said it was her fault that he was in jail. She did not file a police report after this incident.

Officer Ryan De Leo of the Shreveport Police Department testified that on April 4, 2023, he was dispatched to 8525 Chalmette Drive in response to a man pointing a weapon at a woman. When he arrived at the scene, he located Defendant standing outside a car in which Deloney was sitting and spoke with them separately. He recalled that Deloney told him that Defendant pulled a gun from his waistband, flashed it around the room, pointed it at her and threatened to kill her. He stated that Defendant told him that he and Deloney had a "little argument" because he was upset she would not let him use the car so he had to take the bus to work and to run errands. Ofc. De Leo testified that he searched the apartment and, with Deloney's help, located a purple and grey Taurus G2C. He noted that the firearm was loaded and ready to be shot, i.e., there was one 9mm round inside the chamber and 11 rounds were inside the magazine. He then arrested Defendant at the scene. Ofc. De Leo testified that he wore a body camera while on the scene, and portions of the recording from that camera were shown to the jury, including his recovery of the firearm during his search of the apartment. The recording also included his conversations with Deloney in which she described Defendant's gun and told him that Defendant threatened her, told her he would kill her, pushed her down and waved his gun at her.

Officer Joseph McNally of the Shreveport Police Department testified that on April 4, 2023, he responded to a domestic call and assisted in arresting Defendant. A portion of the recording from Ofc. McNally's body

camera was played for the jury in which Defendant stated that he was on probation for a previous domestic charge in which Deloney was the victim. Defendant also told Ofc. McNally that he lived at the apartment with his wife and that they argued because he had to take the bus but Deloney could have picked him up.

Sergeant John Madjerick of the Shreveport Police Department was accepted as an expert in the field of fingerprint identification and comparison. He compared Defendant's fingerprints to the fingerprints taken of the defendant in Docket Number 238,604A, in which Jermaine Allen pled guilty to domestic abuse battery. Sgt. Madjerick determined that the fingerprints matched and that Defendant (Jermaine Owens) is the same individual as Jermaine Allen.

The state rested its case in chief, and Defendant elected to testify. He discussed his criminal history, including serving time for drug offenses and serving 13 years and 10 months for an armed robbery he admitted to committing 18 years prior to this trial. He stated that he was released in 2018 and since then had rehabilitated himself. He admitted that he pled guilty to domestic abuse in March 2022 and received a 6-month sentence. He stated that he and Deloney married in July 2020. He admitted that he was guilty of verbal and mental abuse but not physical abuse. He stated that prior to the incident, he and Deloney had been separated for approximately three months due to his infidelity and fathering of a child. He testified that on April 3, 2023, Deloney contacted him about getting back together and brought him a key to the apartment. On April 4, 2023, he met Deloney at her car at their apartment complex. He noted that he was not upset about using the bus for transportation because he often rode the bus to go to work.

He admitted to Deloney that he was having another child and asked if she wanted him to leave. He stated that he did not go inside their apartment that day and that he was standing at Deloney's car when Ofc. De Leo arrived. He testified that he never threatened Deloney with a firearm and did not physically harm her in any way. On cross-examination, he agreed that he was involved in two previous domestic abuse cases where Deloney was the victim but stated that they were based on false accusations.

On January 24, 2024, the jury found Defendant guilty of the responsive verdict of simple assault and guilty as charged of possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery.

On February 28, 2024, the state filed a fourth felony habitual offender bill of information. It alleged that Defendant's conviction of possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery was his fourth felony conviction and that he pled guilty to three previous felonies, i.e., armed robbery, attempted armed robbery and possession of a Schedule II controlled dangerous substance. It stated that a period of ten years had not lapsed since the expiration of the sentence imposed on his first felony conviction and the commission of the fourth felony.

On February 29, 2024, Defendant, through his counsel and also pro se, filed motions for new trial and post-trial judgment of acquittal. The trial court denied the motions.

A habitual offender hearing was held on May 7, 2024. Sgt. Madjerick was accepted as an expert in fingerprint examination and analysis and compared Defendant's fingerprints to the fingerprint sheets attached to three

5

previous convictions. He determined that Defendant's fingerprints matched those in Caddo Parish Docket Number 248,468, in which Defendant pled guilty to armed robbery on January 29, 2007, and was sentenced to 30 days in parish jail and 15 years at hard labor without benefit of probation, parole or suspension of sentence, to run concurrently with any other sentence; in Bossier Parish Docket Number 142,705, in which Defendant pled guilty to attempted armed robbery on March 5, 2007, and was sentenced to 15 years at hard labor to run concurrently with any other sentence; and in Bossier Parish Docket Number 238,606, in which Defendant was convicted of possession of a Schedule II controlled dangerous substance on March 7, 2022.

A sentencing hearing was held on June 6, 2024. The trial court found that Defendant was a fourth felony habitual offender. On the charge of possession of a firearm or carrying a concealed weapon by a person previously convicted of domestic abuse battery and as a fourth felony offender, the trial court sentenced Defendant to life imprisonment at hard labor without benefit of probation, parole or suspension of sentence, with credit for time served. It noted that in considering La. C. Cr. P. art. 894.1, it found that Defendant is in need of a correctional environment and that a lesser sentence would deprecate the seriousness of the offense. It found that Defendant threatened serious harm to the victim. It also acknowledged Defendant's significant criminal history. It notified Defendant that he was not to own or possess any firearms in the future and granted a 50-year protective order in favor of Deloney. It recommended Defendant for all special programs for which he may be eligible, including life skills, domestic abuse intervention and anger management programs. For the conviction of

6

simple assault, it sentenced Defendant to serve 90 days in parish jail with credit for time served. It ordered the sentences to run concurrently with each other.

On June 12, 2024, Defendant filed a pro se motion for reconsideration of sentence. On June 13, 2024, defense counsel filed a motion to reconsider sentence. The trial court denied the motions.

At a hearing on December 19, 2024, the state filed supplemental discovery, i.e., a letter written by Defendant, while incarcerated, to Deloney in violation of the protective order. The trial court ordered Defendant to have no contact of any kind with the victim.

Defendant appeals.

## DISCUSSION

*Sufficiency of the Evidence*

In his first assignment of error, Defendant, through appellate counsel,[2] argues that the evidence the state presented at trial was not sufficient to prove beyond a reasonable doubt that he was guilty of possession of a firearm by a person convicted of domestic abuse battery. He states that the only evidence putting a firearm in his possession was the testimony of his estranged wife, who helped law enforcement locate it in a backpack. He contends that there is no evidence linking the backpack or the firearm to him. He alleges that Deloney, who was upset about his affair and the resulting pregnancy, could have planted the firearm in the backpack. He states that the jury did not find him guilty of threatening Deloney while

_____

[2] Defendant filed a pro se supplemental brief and also argued that the state failed to meet its burden of proof.

7

armed with a weapon and that the evidence did not support a conviction for possession of a firearm beyond a reasonable doubt.

The state argues that it proved beyond a reasonable doubt that Defendant possessed a firearm and had been previously convicted of domestic abuse battery. It contends that it proved Defendant's possession of a firearm through Deloney's testimony that Defendant pulled a black and purple handgun out of his pants and pointed it at her. It states that law enforcement recovered from the apartment a firearm matching that description. It asserts that Defendant's allegation that he did not go into the apartment and did not threaten Deloney with a firearm is a question of credibility, not sufficiency.

The standard of appellate review for a sufficiency of the evidence claim is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Jackson v. Virginia*, 443 U.S. 307, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *State v. Hearold*, 603 So. 2d 731 (La. 1992); *State v. Smith*, 47,983 (La. App. 2 Cir. 5/15/13), 116 So. 3d 884. *See also* La. C. Cr. P. art. 821. The trier of fact makes credibility determinations and may accept or reject the testimony of any witness. *State v. Casey*, 99-0023 (La. 1/26/00), 775 So. 2d 1022, *cert. denied*, 531 U.S. 840, 121 S. Ct. 104, 148 L. Ed. 2d 62 (2000). Where there is conflicting testimony about factual matters, the resolution of which depends upon a determination of the credibility of the witnesses, the matter is one of the weight of the evidence, not its sufficiency. *State v. Allen*, 36,180 (La. App. 2 Cir. 9/18/02), 828 So. 2d 622, *writ denied*, 02-2595 (La. 3/28/03), 840 So. 2d 566, and *writ denied*, 02-2997 (La. 6/27/03), 847 So. 2d

8

1255, *cert. denied*, 540 U.S. 1185, 124 S. Ct. 1404, 158 L. Ed 2d 90 (2004). The appellate court does not assess credibility or reweigh the evidence. *State v. Smith*, 94-3116 (La. 10/16/95), 661 So. 2d 442.

It is unlawful for any person who has been convicted of domestic abuse battery to possess a firearm or carry a concealed weapon. La. R.S. 14:95.10(A)(1). This prohibition shall not apply to any person who has not been convicted of any of the offenses set forth in La. R.S. 14:95.10(A) for a period of ten years from the date of completion of sentence, probation, parole or suspension of sentence. La. R.S. 14:95.10(E).

Whether the proof is sufficient to establish possession turns on the facts of each case. *State v. Johnson*, 03-1228 (La. 4/14/04), 870 So. 2d 995. Guilty knowledge may be inferred from the circumstances of the transaction and proved by direct or circumstantial evidence. *Id*. Actual possession means having an object in one's possession or on one's person in such a way as to have direct physical contact with and control of the object. *State v. Hill*, 53,286 (La. App. 2 Cir. 3/4/20), 293 So. 3d 104. Constructive possession of a firearm occurs when the firearm is subject to the defendant's dominion and control. *State v. Johnson*, *supra*. A defendant's dominion and control over a weapon constitutes constructive possession even if it is only temporary and even if the control is shared. *Id*. However, mere presence of a defendant in the area of the contraband alone does not prove that he exercised dominion and control over the evidence and therefore had it in his constructive possession. *Id*. Constructive possession entails an element of awareness or knowledge that the firearm is there and the general intent to possess it. *State v. Hill*, *supra*.

Viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found that the state proved the essential elements of possession of a firearm by a person convicted of domestic abuse battery beyond a reasonable doubt. The state proved Defendant's previous conviction of domestic abuse battery through Sgt. Madjerick's fingerprint analysis comparing Defendant's fingerprints to those in Docket Number 238,604A, in which Defendant, using a different name, pled guilty to domestic abuse battery on March 7, 2022. The instant offense was committed within the ten-year prescriptive period of the completion of his sentence for the domestic abuse battery conviction. The state also proved that Defendant possessed a firearm, i.e., a purple and grey Taurus G2C. Deloney's testimony at trial was consistent with her statement at the scene to Ofc. De Leo, as shown on his body camera recording, and with her subsequent statement to an investigator. In each instance, she stated that Defendant was argumentative, pushed her to the floor, pointed a gun at her and threatened to kill her. Deloney and Ofc. De Leo both testified that she helped law enforcement locate the firearm, which was confirmed by the recording from Ofc. De Leo's body camera showing his recovery of the firearm from inside the apartment. Although Defendant denied threatening Deloney with a firearm, their conflicting testimony does not affect the sufficiency of the evidence. Rather, the jury had the opportunity to consider the testimony of both Deloney and Defendant and to make a credibility determination. Although the jury did not convict Defendant of the charged offense of domestic abuse aggravated assault and, instead, returned a responsive verdict of simple assault, its verdict of guilty as charged of possession of a firearm by a person convicted of domestic abuse battery

10

demonstrates that the jury found Deloney's testimony that Defendant was in possession of a firearm to be credible.

Accordingly, this assignment of error lacks merit.

*Excessive Sentence*

In his second assignment of error, Defendant argues that the imposition of a life sentence is constitutionally harsh and excessive. He contends that the trial court failed to discuss the applicable sentencing range, to provide a sufficient basis for the imposition of the harshest sentence available or to particularize the sentence to him.

The state argues that Defendant's life sentence as a fourth felony habitual offender is not constitutionally excessive. It contends that the sentence reflects a sufficient consideration of La. C. Cr. P. art. 894.1 and a life full of violent crimes and domestic violence. It notes that although the trial court mistakenly stated that the conviction of possession of a firearm by a person convicted of domestic abuse battery constituted a crime of violence, the record does not reflect that the sentence was based on this mistake. It contends that it clarified for the trial court that the sentencing range for this fourth felony habitual offender was 20 years to natural life imprisonment and that the trial court sentenced Defendant within this range. It argues that although Defendant received the maximum penalty as a habitual offender, the sentence does not shock the sense of justice due to his criminal history.

An appellate court utilizes a two-pronged test in reviewing a sentence for excessiveness. First, the record must show that the trial court complied with La. C. Cr. P. art. 894.1. *State v. Smith*, 433 So. 2d 688 (La. 1983). The trial judge need not articulate every aggravating and mitigating circumstance outlined in La. C. Cr. P. art. 894.1, but the record must reflect that he

11

adequately considered these guidelines in particularizing the sentence to the defendant. *Id.* The important elements the trial court should consider are the defendant's personal history, prior criminal record, seriousness of offense and the likelihood of rehabilitation. *State v. Jones*, 398 So. 2d 1049 (La. 1981). There is no requirement that specific matters be given any particular weight at sentencing. *State v. DeBerry*, 50,501 (La. App. 2 Cir. 4/13/16), 194 So. 3d 657, *writ denied*, 16-0959 (La. 5/1/17), 219 So. 3d 332.

Second, the court must determine whether the sentence is constitutionally excessive. A sentence violates La. Const. art. I, § 20, if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. *State v. Smith*, 01-2574 (La. 1/14/03), 839 So. 2d 1, *citing State v. Bonanno*, 384 So. 2d 355 (La. 1980). This analysis extends to sentences imposed pursuant to the Habitual Offender Statute, i.e., La. R.S. 15:529.1. *State v. Dorthey*, 623 So. 2d 1276 (La. 1993).

The trial court has wide discretion in the imposition of sentences within statutory limits, and the sentence imposed should not be set aside as excessive in the absence of a manifest abuse of discretion. *State v. Abercrumbia*, 412 So. 2d 1027 (La. 1982). On review, an appellate court does not determine whether another sentence may have been more appropriate but whether the trial court abused its discretion. *State v. Williams*, 03-3514 (La. 12/13/04), 893 So. 2d 7, *citing State v. Cook*, 95-2784 (La. 5/31/96), 674 So. 2d 957.

La. R.S. 15:529.1(A)(4) states:

(4) If the fourth or subsequent felony is such that, upon a first conviction the offender would be punishable by imprisonment

12

for any term less than his natural life then the following sentences apply:

(a) The person shall be sentenced to imprisonment for the fourth or subsequent felony for a determinate term not less than the longest prescribed for a first conviction but in no event less than twenty years and not more than his natural life.

(b) If the fourth felony and no prior felony is defined as a crime of violence under R.S. 14:2(B) or as a sex offense under R.S. 15:541, the person shall be imprisoned for not less than twenty years nor more than twice the longest possible sentence prescribed for a first conviction. If twice the possible sentence prescribed for a first conviction is less than twenty years, the person shall be imprisoned for twenty years.

(c) If the fourth felony and two of the prior felonies are felonies defined as a crime of violence under R.S. 14:2(B), or a sex offense as defined in R.S. 15:541 when the victim is under the age of eighteen at the time of commission of the offense, the person shall be imprisoned for the remainder of his natural life, without benefit of parole, probation, or suspension of sentence.

Whoever is found guilty of possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery shall be imprisoned with or without hard labor for not less than 1 year nor more than 20 years without the benefit of probation, parole or suspension of sentence, and shall be fined not less than one thousand dollars nor more than five thousand dollars. La. R.S. 14:95.10(B).

Defendant's fourth felony is the conviction of possession of a firearm or carrying a concealed weapon by a person convicted of domestic abuse battery, which is not a crime of violence under La. R.S. 14:2(B). As his prior felonies of armed robbery and attempted armed robbery are crimes of violence under La. R.S. 14:2(B), the sentencing range set forth in La. R.S. 15:529.1(A)(4)(a) applies in this case.

Although the trial court imposed the maximum sentence available pursuant to La. R.S. 15:529.1(A)(4)(a), it did not abuse its discretion in doing so. At the sentencing hearing, the trial court considered the factors set forth in La. C. Cr. P. art. 894.1. It found that La. C. Cr. P. art. 894.1(A)(2)

13

and (3) were applicable to this case. It also emphasized Defendant's significant criminal history, which included domestic violence and the possession of firearms. Considering Defendant's lengthy criminal history of crimes of violence and his convictions of domestic abuse battery and simple assault of Deloney, the trial court's imposition of a sentence of life imprisonment is not out of proportion to the seriousness of his offenses.

Accordingly, this assignment of error lacks merit.

**ERRORS PATENT**

A review of the record reveals two errors patent.

The trial court failed to advise Defendant of his rights prior to the habitual offender proceedings. La. R.S. 15:529.1(D)(1)(a) states, in part, that the trial court shall:

> [I]nform [the defendant] of the allegation contained in the information and of his right to be tried as to the truth thereof according to law and shall require the offender to say whether the allegations are true. If he denies the allegation of the information or refuses to answer or remains silent, his plea or the fact of his silence shall be entered on the record and he shall be given fifteen days to file particular objections to the information.

Implicit in this requirement is the additional requirement that the defendant be advised of his constitutional right to remain silent. *State v. Simpson*, 55,304 (La. App. 2 Cir. 11/15/23), 374 So. 3d 1056, *writ denied*, 23-01641 (La. 5/29/24), 385 So. 3d 703. This court has found that the failure to properly advise a defendant of his right to have 15 days in which to object to the habitual offender bill of information constitutes an error on the face of the record. *Id*. However, the failure to advise a defendant of his rights is considered harmless error when the defendant's habitual offender status is established by competent evidence offered by the state at the hearing rather

14

than by admission of the defendant. *Id*. Although the trial court did not advise Defendant of his rights at the habitual offender hearing, this was harmless error. Defendant did not testify at the habitual offender hearing. The state established his habitual offender status through competent evidence, i.e., the testimony of Sgt. Madjerick, an expert in fingerprint examination and analysis.

The trial court also failed to advise Defendant of the time delays for filing an application for post-conviction relief pursuant to La. C. Cr. P. art. 930.8. The failure to advise a defendant of these rights is not grounds to vacate the sentence and remand for resentencing. *State v. Dunkentell*, 56,056 (La. App. 2 Cir. 4/9/25), 408 So. 3d 1245. Defendant is hereby advised that no application for post-conviction relief, including applications which seek an out-of-time appeal, shall be considered if it is filed more than two years after the judgment of conviction and sentence has become final under the provisions of La. C. Cr. P. art. 914 or 922.

## CONCLUSION

For the foregoing reasons, we affirm the convictions and sentences of Defendant Jermaine J. Owens.

**AFFIRMED.**