JjTERRI F. LOVE, Judge.
In January, 1981, the defendant was convicted of one count each of armed robbery and attempted first degree murder. On February 26, 1981, the trial court sentenced him to serve seventy-five years at hard labor for the robbery conviction and fifty years at hard labor for the attempted murder conviction, the sentences to run consecutively with each other and with four armed-robbery sentences imposed in an unrelated case. On May 18, 1981, the trial court found the defendant to be a multiple offender. The trial court then re-sentenced the defendant on the robbery conviction to serve seventy-five years at hard labor as a second offender. In none of these sentences did the court prohibit parole eligibility as mandated by statute. The Supreme Court affirmed his convictions and sentences. State v. Norwood, 412 So.2d 108 (La.1982).
In 1987, the Supreme Court vacated his attempted murder conviction and sentence on double jeopardy grounds. State ex rel. Norwood v. Blackburn, 511 So.2d 1143 (La.1987). On November 12, 1991 pursuant to the defendant’s motion to correct an illegal sentence, the trial court vacated the multiple offender sentence onLthe remaining robbery conviction and imposed a sentence of seventy-five years at hard labor without benefit of parole, probation, or suspension of sentence. In State v. Norwood, unpub. 92-0054 (La.App. 4 Cir. 2/24/92), this court remanded the case for a determination of the intent of the judge at the time the 1981 multiple offender sentence was imposed. In April, 1992 the trial court issued a per curiam to the effect that it was its intent to impose the sentence without benefits. The defendant sought review, and this court denied writs. State v. Norwood, unpub. 92-1281 (La.App. 4 Cir. 6/18/92).
On March 26, 1997, the defendant filed an application for post conviction relief based upon the trial court’s failure to vacate his original sentence prior to imposing the multiple offender sentence. On January 11, 2001, the court heard the matter and granted the application. The trial court found the multiple offender sentence was illegal because the court had failed to vacate the original sentence. The trial court then vacated the multiple offender sentence and “prior plea”, accepted the defendant’s plea to the multiple bill, and reset the matter for sentencing. In the interim, the State found a minute entry which stated the original sentence was vacated prior to the imposition of the multiple offender sentence. The State moved the court to reconsider its January 11, 2001 ruling. On February 12, 2001 the trial court denied the rehearing and sentenced the defendant to serve thirty-three years at hard labor. The State now comes before this court seeking relief from this ruling.
The State argues the trial court erred by vacating the multiple offender sentence and imposing a new, lesser sentence. The State argues the defendant was time-barred by La.C.Cr.P. art. 930.8 from rais *723 ing this claim. It further argues that because the docket master and minute entry show the original sentence was vacated, the trial court erred by vacating the multiple bill sentence. It also argues that the court could not impose a lesser sentence on resentencing.
| ¡¡The transcript of January 11, 2001 reveals the court denied the procedural objection on the ground that the amendment to La.C.Cr.P. art. 930.8 gave the defendant until October 31, 2001 to file his post conviction relief application. However, this interpretation is wrong. The 1999 amendment to art. 930.8 reduced the time period for seeking post conviction relief from three to two years after the conviction and sentence become final. Art. 930.8(A)(3) provides the exemption from the two-year limit where: “The application would already be barred by the provisions of this Article, but the application is filed on or before October 1, 2001, and the date on which the application was filed is within three years after the judgment of conviction and sentence has become final.” (Emphasis added.) Here, the adjudication the trial court vacated occurred in 1981, and the sentence it vacated was imposed in 1991. Thus, if the defendant’s claim really was an application for post conviction relief, it was barred by Art. 930.8. In addition, the claim is a sentencing claim which cannot be raised via an application for post conviction relief. See State ex rel. Melinie v. State, 93-1380 (La.1/12/96), 665 So.2d 1172.
The trial court also noted that it would consider the defendant’s claim because it concerned an “illegal” sentence, which claim may be raised at any time. See La.C.Cr.P. art. 882. The court noted that the multiple offender sentence was illegal because the court had never vacated the original sentence. The transcript of the May 18, 1981 multiple bill hearing does not reflect that the court vacated the original sentence.[1] The State argues that the minute entry of May 18, 1981, reflects that the trial court vacated the original sentence prior to imposing the multiple offender sentence. It argues that this minute entry shows the court’s 1 ¿“intent” to vacate the original sentence, and it maintains that the court’s failure to use the “magic word” “vacated” should not be controlling.
Generally, where there is a discrepancy between a minute entry and a transcript, the transcript prevails. State v. Hall, 99-2887 (La.App. 4 Cir. 10/4/00), 775 So.2d 52; State v. Anderson, 99-1407 (La.App. 4 Cir. 1/26/00), 753 So.2d 321. In State v. Moffett, 572 So.2d 705 (La.App. 4 Cir.1990), this court held that a multiple offender sentence must be vacated and the case remanded for resentencing where the trial court failed to vacate the original sentence prior to imposing the multiple offender sentence. However, in State v. Mayer, 99-3124 (La.3/31/00), 760 So.2d 309, the Supreme Court reversed the Fifth Circuit when it took a similar action. In Mayer, the minute entry and commitment form reflected that the trial court vacated the original sentence, but the transcript did not so reflect. On appeal, the Fifth Circuit vacated the multiple offender sentence and remanded the case for resen-tencing. State v. Mayer, 98-1311 (La.App. 5 Cir. 9/28/99), 743 So.2d 304. The Supreme Court granted writs on this issue only, and in a per curiam opinion stated:
To the extent that the October 30, 1998 commitment/ minute entry reflects that *724 the trial judge vacated the defendant’s original sentence and thereby eliminated any possible confusion as to the terms of the defendant’s confinement, the failure of the transcript of the multiple offender hearing to show that the court did so before sentencing the defendant as a multiple offender did not affect the substantial rights of the defendant. La. C.Cr.P. art. 921; see State ex rel. Haisch v. State, 575 So.2d 816 (La.1991) (“The trial court is ordered to vacate the twenty-one year sentence it first imposed coincidentally with its imposition of the enhanced sentence. See La.R.S. 15:529.1(D).”).
Mayer, 99-3124, 760 So.2d at 310.
In State v. Jackson, 2000-0717 (La.App. 1 Cir. 2/16/01), - So.2d -, 2001 WL 133213, the First Circuit en banc interpreted Mayer to apply in cases where it was clear that the trial court meant the multiple offender sentence to [ .^replace the original sentence, not to be served in addition to the original sentence. The court stated:
The supreme court did not overrule long-standing jurisprudence that, in the event of a discrepancy between the minutes and the transcript, the transcript prevails. See State v. Lynch, 441 So.2d 732, 734 (La.1983). Instead, the supreme court noted that, to the extent the commitment and minute entry reflected that the judge vacated the original sentence, any possible confusion was eliminated as to the terms of the confinement and, thus, no substantial right of the accused was affected. See La. Code Crim. P. art. 921. Because court minutes in conflict with a transcript do not always accurately reflect a trial court’s actions, we do not read the supreme court’s decision as standing for the proposition that the trial court actually had vacated the original sentence. Rather, to the extent the trial court record showed that the trial court had done so, any possible confusion was eliminated. In the instant case, the same judge pronounced both the original sentence on the armed robbery conviction as well as the new sentence under the habitual offender statute. Before the court sentenced defendant as a habitual offender, the prosecutor called the court’s attention to the earlier sentencing. The proceedings give no indication the court intended to impose the habitual offender sentence as an additional penalty. Thus, the court obviously intended for the life imprisonment imposed after the habitual offender adjudication to be the sentence in this case. The court simply overlooked its duty to vacate the original sentence. Correction of the trial court’s failure to vacate the original sentence does not involve the exercise of sentencing discretion and will eliminate any possibility of confusion as to the terms of the confinement. Thus, we vacate the original forty-year sentence imposed on February 20, 1997, to conform to the requirements of La. R.S. 15:529.1. It is not necessary to vacate the habitual offender sentence imposed on September 11, 1997, or to remand for resentencing. See La.Code Crim. P. art. 882; State v. Hunt, 573 So.2d at 587. However, the case is remanded for the district court to amend the minute entry and commitment to reflect that the original sentence has been vacated.
State v. Jackson, 2000-0717 at p. 3, — So.2d at -.
Here, the State did not supply the commitment form, as was present in Mayer. However, as in Jackson, the transcript of the May 18, 1981 sentencing indicates the trial court intended that the multiple offender sentence take the place | Rof the original sentence. After finding the defen *725 dant to be a second offender, the court stated: “The Court is going to give him the same identical sentence.” Defense counsel objected to what he called a “double enhancement,” and the court responded: “As a matter of fact there is nothing happening to this man differently than the previous sentence. I understand your objection, and I will let you put it in the record, but there’s nothing happening any differently.” Defense counsel then reiterated that the sentence “enhances the penalty twice on these cases,” and the court responded: “Well, it is the intention of this Court — they filed a multiple bill, he has been found guilty of the multiple bill, and I am giving him the same sentence that he received before.” At neither of the 2001 hearings did the defendant argue that the D.O.C. considered him to have both the original sentence and the multiple bill sentence pending against him, and there is no indication in the application before this court that he is facing two sentences in this case. Indeed, he did not raise any such claim in any of his earlier writs to this court. Thus, the D.O.C. considers he has only one sentence, and it follows that any failure of the trial court to vacate his original sentence in 1981 before imposing the multiple offender sentence did not affect his substantial rights. As per Mayer, the court erred by vacating the multiple offender sentence. The State’s claim has merit.[2]
It must be noted that although the trial court in 1981 found the defendant to be a second offender after a hearing, in 2001 it somehow thought the defendant had pled guilty to the multiple bill. For some reason, the court vacated the prior “plea” to the bill and allowed the defendant to pled guilty again on January 11, 2001. The trouble with this plea is that although the court advised the defendant of his right to force the State to prove he was the person who committed the prior offense, the court failed to advise the defendant of his right to be silent prior to accepting the plea. See State v. Johnson, 432 So.2d 815 (La.1983); State v. McGee, 98-2124 (La.App. 4 Cir. 2/23/00), 757 So.2d 50. The trial court erred by vacating the adjudication. The multiple offender adjudication of May 18, 1981 should be reinstated. The proper remedy was to vacate the multiple offender status.
Likewise, as in Mayer, the sentence as a multiple offender must be reinstated. The May 18, 1981 multiple offender sentence was vacated by the trial court in November, 1991, and a sentence in compliance with the law (imposed without benefits) was imposed at that time. We reimpose the November 12, 1991 sentence of seventy-five years at hard labor without benefits of parole, probation, or suspension of sentence as a second offender.

CONCLUSION

We grant the writ, vacate the January 11, 2001 guilty plea to the multiple bill and the February 12, 2001 sentence as a multiple offender, and reinstate the May 18, 1981 adjudication as a second offender and the November 12, 1991 sentence as a multiple offender.
WRIT GRANTED; SENTENCE VACATED.

. The court vacated the May 1981 multiple offender sentence and imposed a seventy-five-year sentence without benefits on November 12, 1991. There is no indication that at that time the court also vacated the original sentence imposed in February 1981.

. Because the trial court erred by vacating the multiple offender sentence, the State's last claim concerning the imposition of a lesser senLence on resentencing is moot.