ROSEMARY LEDET, Judge.
|, This is a criminal appeal. The defendant, Tre Clements, seeks reversal of his conviction for possession of a firearm by a convicted felon pursuant to La. R.S. 14:95.1. For the reasons that follow, we affirm.

STATEMENT OF THE CASE

On February 23, 2011, Mr. Clements was charged by bill of information with possession of a firearm by a convicted felon. On March 1, 2011, Mr. Clements pled not guilty at his arraignment. On April 1, 2011, following a hearing, the district court denied Mr. Clements’ motion to suppress evidence and found probable cause. On August 8, 2011, following a jury trial, Mr. Clements was found guilty as charged. On September 2, 2011, Mr. Clements was sentenced to ten years at hard labor with credit for time served.
On March 8, 2012, a multiple bill hearing was held; and Mr. Clements pled guilty to the multiple bill. The district court vacated the prior sentence and resentenced Mr. Clements as a multiple offender to ten years at hard labor with credit for time served.
On January 19, 2012, the district court granted Mr. Clements’ request to file an out-of-time appeal. This appeal followed.
| STATEMENT OF THE FACTS
On January 24, 2011, Detective Travis Brooks, accompanied by several other officers, executed a search warrant at a residence located at 1632 Mandeville Street in New Orleans. The warrant stemmed from an investigation of suspicious drug activity at the residence. The officers entered the unlocked door of the shotgun style house. *309 Inside, they observed two individuals in the first room: the lessee, Perry Hall, and a female. While other officers secured the two individuals, Detective Brooks and Officer Lawrence Weathersby continued toward the rear of the house. Detective Brooks observed Mr. Clements exiting a bathroom and heard the toilet running, as if it had just been flushed. Detective Brooks described Mr. Clements as looking nervous. Officer Weathersby detained Mr. Clements while Detective Brooks entered the bathroom. Detective Brooks noticed that the toilet tank was open and that two firearms were located inside the tank. He also noticed that the water inside the tank was still rising, which made him believe the toilet had just been flushed. Almost immediately after, the toiled finished filling to normal level and stopped running. Detective Brooks secured the bathroom to protect the evidence until another officer, Detective Benja Johnson, took over.
Detective Brooks also interviewed Mr. Hall, the lessee. According to Detective Brooks, Mr. Hall denied having any knowledge of the guns. The guns were not processed for prints. On cross examination, Detective Brooks testified that no firearms were found on Mr. Clements and that he did not see Mr. Clements handle any firearms.
Officer Weathersby’s testimony tracked that of Detective Brooks. He testified that he assisted in executing the search warrant. He and Detective Brooks saw Mr. Clements exit the bathroom, immediately heard the toilet running, and ^observed the two firearms inside the open toilet tank. He handcuffed Mr. Clements while Detective Brooks guarded the bathroom.
Detective Johnson testified that she assisted in the execution of the warrant. Once she arrived, Detective Brooks assigned her to watch the bathroom area because he had located two weapons in the toilet. He wanted her to make sure that no one tampered with the evidence.
All three witnesses — Detective Brooks, Officer Weathersby, and Detective Johnson — identified photographs of the bathroom taken at the scene depicting two firearms visible inside the toilet tank.[1] Detective Brooks and Officer Weathersby also made an in-court identification of Mr. Clements.

DISCUSSION

ERRORS PATENT

A review of the record for errors patent reveals that the district court erred in imposing the sentence on the felon in possession of a firearm count. Pursuant to La. R.S. 14:95.1, the sentence must be imposed without the benefit of parole, probation, or suspension of sentence. In addition, the district court found that Mr. Clements was a second offender. La. R.S. 15:529.1 G provides that a sentence as a second offender must be imposed without the benefit of probation or suspension of sentence. The district court, however, failed to include these prohibitions when imposing the sentence. Nonetheless, pursuant to La. R.S. 15:301.1 A, and State v. Williams, 00-1725, pp. 10-11 (La. 11/28/01), 800 So.2d 790, 798-99, the sentence is deemed to have been imposed with these restrictions of benefits even in the Labsence of the district court delineating them. See State v. Phillips, 03-0304 (La.App. 4 Cir. 7/23/03), 853 So.2d 675, 677. Thus, there is no need for this court to correct the sentence. There are no other patent errors.

*310
ASSIGNMENT OF ERROR NUMBER 1

Mr. Clements contends that the State failed to’ present sufficient evidence establishing that he was in actual or constructive possession of the firearms. Specifically, he contends that the State did not present evidence to show that he was living at the residence, that the firearms belonged to him, that he put the firearms in the .toilet tank, or that he otherwise possessed a firearm. Mr. Clements maintains that the State failed to negate at least one reasonable hypothesis of innocence — that he was simply using the bathroom where the firearms were found. In support of this argument, he points out that his behavior, as described by the arresting officers, was not consistent with someone who was in constructive possession of a firearm. Specifically, Detective Brooks and Officer Weathersby testified that Mr. Clements was cooperative and made no attempt to flee.
This court set forth the applicable standard of review for sufficiency of the evidence in State v. Egana, 97-0318, pp. 5-6 (La.App. 4 Cir. 12/3/97), 703 So.2d 223, 227-28, as follows:
In evaluating whether evidence is constitutionally sufficient to support a conviction, an appellate court must determine whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the defendant guilty beyond a reasonable doubt. Jackson v. Virginia, 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979); State v. Green, 588 So.2d 757 (La.App. 4th Cir.1991). However, the reviewing court may not disregard this duty simply because the record contains evidence that tends to support each fact necessary to constitute the crime. State v. Mussall, 523 So.2d 1305 (La.1988). The reviewing court is not permitted to consider just the evidence most favorable to the prosecution but must consider the record as a whole since that is what a rational trier of fact would do. If rational triers of fact could disagree as to the interpretation of the |sevidence, the rational trier’s Anew of all the evidence most favorable to the prosecution must be adopted; The fact finder’s discretion will be impinged upon only to the extent necessary to guarantee the fundamental protection of due process of law. Mussall; Green, supra. “[A] re-vievfing court is not called upon to decide whether it believes the vfitnesses or whether the conviction is contrary to the weight of the evidence.” State v. Smith, 600 So.2d 1319 (La.1992) at 1324.
In addition, when circumstantial evidence forms the basis of the conviction, such evidence must consist of proof of collateral facts and circumstances from which the existence of'the main fact may be inferred according to reason and common experience. State v. Shapiro, 431 So.2d 372 (La.1982). The elements must be proven such that every reasonable hypothesis of innocence is excluded. La. R.S. 15:438. This is not a separate test from Jackson v. Virginia, supra, but rather an evidentiary guideline to facilitate appellate review of whether a rational juror could have found a defendant guilty beyond a reasonable doubt. State v. Wright, 445 So.2d 1198 (La.1984). All evidence, direct and circumstantial, must meet the Jackson reasonable doubt standard. State v. Jacobs, 504 So.2d 817 (La.1987).
Id.; see also State v. Huckabay, 00-1082, p. 32 (La.App. 4 Cir. 2/6/02), 809 So.2d 1093, 1111.
In order to convict a person of violating La. R.S. 14:95.1, the State must prove the folloAving elements: 1) the defendant possessed the firearm, 2) the defendant had a prior conviction for an enumer *311 ated felony, 3) the defendant possessed the firearm within ten years of the prior conviction, and 4) the defendant had the general intent to commit the offense. State v. Ussin, 08-1577, p. 2 (La.App. 4 Cir. 4/8/09), 10 So.3d 848, 849; State v. Husband, 437 So.2d 269, 271 (La.1983).
Actual possession of a firearm is not necessary to prove the possession element of La. R.S. 14:95.1; constructive possession is sufficient. State v. Day, 410 So.2d 741, 743 (La.1982). A person is in constructive possession of a firearm if the firearm is subject to his dominion and control. State v. Johnson, 03-1228, p. 5 (La.4/14/04), 870 So.2d 995, 998. The “mere presence of a defendant in the | fiarea of the contraband or other evidence seized alone does not prove that he exercised dominion and control over the evidence and therefore had it in his constructive possession.” Johnson, 03-1228 at p. 6, 870 So.2d at 999. The State must prove that the defendant was aware that a firearm was in his presence and that the defendant had the general intent to possess the weapon. Johnson, 03-1228 at p. 5, 870 So.2d at 998. Guilty knowledge may be inferred from the circumstances and proved by direct or circumstantial evidence. Id. Whether the proof is sufficient to establish possession turns on the facts of each case. State v. Harris, 94-0970, pp. 3-4 (La.12/8/94), 647 So.2d 337, 338-39; State v. Bell, 566 So.2d 959, 959-60 (La.=1990).
In State v. Major, 08-0861 (La.App. 4 Cir. 12/10/08), 1 So.3d 715, this Court considered the sufficiency of evidence to support a conviction for violation of La. R.S. 14:95.1. This court set forth the elements of La. R.S. 14:95.1, which include that the defendant intentionally possessed the weapon, and explained:
General intent is present when the circumstances indicate that the defendant, in the ordinary course of human experience, must have adverted to the proscribed criminal consequences as reasonably certain to result from his act or failure to act. La. R.S. 14:10(2). The element of possession is satisfied by establishing the defendant had either actual or constructive possession. State v. Day, 410 So.2d 741 (La.1982); State v. Silva, 447 So.2d 1242 (La.App. 4 Cir.1984). Constructive possession exists if a defendant has dominion and control over a weapon even if it is only temporary in nature and even if the control is shared. State v. Edwards, 354 So.2d 1322 (La.1978); Silva, 447 So.2d at 1245 [1243]; State v. Washington, 605 So.2d 720, 722 (La.App. 2 Cir.1992). The defendant’s awareness is a factor that overlaps both of these elements-possession and intent. State v. Evans, 29,675, p. 8, n. 5 (La.App. 2 Cir. 9/24/97), 700 So.2d 1039, 1043. “[A] careful review of recent decisions on the offense of La. R.S. 14:95.1 indicates that awareness is used to prove “possession,” although awareness must exist to have intent.” Id. (citing State v. Woods, 94-2650 (La.App. 4 Cir. 4/20/95), 654 So.2d 809).
Major, 08-0861 at p. 6, 1 So.3d at 719-720.
In the present case, the testimony of the arresting officers — Detective Brooks and Officer Weathersby — established Mr. Clements’s close proximity to the firearms. Mr. Clements was the sole occupant of the bathroom where the firearms were found in plain view in the open toilet tank. Mr. Clements’s actions— flushing the toilet, moving away from the area from which the firearms were immediately recovered, and his nervousness— demonstrated his awareness of the presence of the firearms and his general criminal intent to possess the firearms. Given the circumstances of this case, we find *312 that the evidence was sufficient to allow a rational juror to find beyond a reasonable doubt that Mr. Clements had, at a minimum, constructive possession of the firearms. This assignment of error is without merit.

ASSIGNMENT OF ERROR NUMBER 2

When resentencing Mr. Clements to ten years as a multiple offender, the district court informed Mr. Clements that his original sentence of ten years “will now be set aside.” In this assignment of error, Mr. Clements contends that the district court did not actually then set aside the original sentence. Mr. Clements thus requests, out of an abundance of caution, that this matter be remanded for the district court to order the original sentence be set aside.
Both the docket master entry and the minute entry from the March 8, 2012 re-sentencing hearing expressly reflect that the district court vacated Mr. Clements’s original sentence. In addition, the commitment form indicates that the district court vacated the original sentence. Thus, a remand is unnecessary. See State v. Mayer, 99-3124 (La.3/31/00), 760 So.2d 309; State v. Norwood, 01-0432 (La.App. 4 Cir. 8/29/01), 802 So.2d 721.
| /This assignment of error lacks merit.

DECREE

For the foregoing reasons, the defendant’s conviction and sentence are affirmed.
AFFIRMED

. The photographs are not in the record on appeal.