JOHNSON, J.
Defendant appeals his convictions and sentences for possession of a firearm by a convicted felon and illegal use of weapons. For the reasons that follow, we affirm Defendant's conviction and sentence for felon in possession of a firearm and his conviction for illegal use of weapons. However, we vacate his sentence on his illegal use of weapons conviction and remand the matter for resentencing.
Defendant was initially charged on December 5, 2014 with two counts of illegal use of weapons in violation of *530 La. R.S. 14:94 and pled not guilty. The State subsequently filed a superseding bill of information on May 5, 2016, charging Defendant with one count of possession of a firearm by a convicted felon in violation of La. R.S. 14:95.1 (count one) and one count of illegal use of weapons by discharging a firearm (count three).[1] After a Faretta[2] colloquy, Defendant was allowed to represent himself with the assistance of appointed counsel. The matter proceeded to a bench trial on September 15, 2016, and the trial court found Defendant guilty as charged on both counts.
Prior to sentencing, defense counsel moved for the appointment of a sanity commission to consider Defendant's mental capacity to proceed as well as his competency at the time of his trial. The sanity commission conducted an evaluation of Defendant and recommended that Defendant be found incompetent to proceed to sentencing. It deferred its opinion as to Defendant's competency status at the time of trial until it had an opportunity to review the trial transcripts and other related documentation. Despite the sanity commission's recommendation, the trial court found Defendant competent to proceed. Defendant sought a supervisory writ from this ruling, which this Court denied. State v. Brignac , 16-694 (La. App. 5 Cir. 12/9/16) (unpublished writ disposition).
Thereafter, on February 2, 2017, after denying Defendant's motions for post-verdict judgment of acquittal and new trial, the trial court sentenced Defendant to 12 years imprisonment at hard labor without benefit of parole, probation or suspension of sentence on his felon in possession of a firearm conviction, and two years on his illegal use of weapons conviction, to run concurrently with each other.
FACTS
In October 2014, Deputy Brent Baldassaro with the Jefferson Parish Sheriff's Office was dispatched to a wooded area near Destrehan Avenue close to the Harvey Canal in response to a report of someone shooting in the area. He turned down a dirt road heading toward the canal when he encountered a red Chevy Cobalt.[3] Deputy Baldassaro testified that live ammunition indicative of an assault rifle was found around the vehicle. He stated that an assault rifle and magazine associated with the rifle were found separately in the nearby woods. He further testified that two individuals, one of whom was Defendant, were subsequently found hiding in the woods.
A witness, Chris Carr, later interviewed by the police, indicated that he had been in an automobile with Defendant, who he identified in a photographic lineup, and another individual, and that there was a firearm located in the vehicle. Although Mr. Carr testified at trial that he did not see Defendant discharge a firearm on that day, the deputy who interviewed Mr. Carr contradicted his claim, stating that Mr. Carr indicated during his interview that he had personally witnessed Defendant discharge the firearm.[4]
*531 The State also presented the testimony of Sergeant Joel O'Lear, a latent print examiner with the Jefferson Parish Sheriff's Office Crime Laboratory, who examined Defendant's fingerprints taken the morning of trial and opined that Defendant was the same person who had been convicted in 2006 for distribution of cocaine as evidenced by the fingerprints contained in the 2006 certified conviction packet that was introduced into evidence.
ISSUES
Defendant raises two issues on appeal. First, he asserts the trial court abused its discretion in declaring him competent to proceed to trial. Second, he contends the trial court erred in failing to obtain a valid jury trial waiver before proceeding with a judge trial.
DISCUSSION
Competency
Defendant first argues that the trial court abused its discretion in rejecting the sanity commission's unanimous recommendation that he was incompetent to proceed to trial.[5] Defendant acknowledges that this issue was previously addressed by this Court in a writ disposition, but requests that this Court reconsider the issue. The State responds that Defendant's claim should be denied under the "law of the case" doctrine since this Court previously denied relief on this issue in Defendant's writ application, 16-KH-694.
Under the "law of the case" doctrine, an appellate court will generally refuse to reconsider its own rulings of law on a subsequent appeal in the same case. State v. Earls , 12-448 (La. App. 5 Cir. 12/11/12), 106 So.3d 1149, 1159, writ denied , 13-132 (La. 9/20/13), 122 So.3d 1012. Application of the "law of the case" doctrine is discretionary and the prior denial of a supervisory writ does not bar reconsideration of an issue on appeal, nor does it prevent the appellate panel from reaching a different conclusion on the issue. State v. Voltolina , 10-1090 (La. App. 5 Cir. 10/25/11), 77 So.3d 1027, 1031. Reconsideration is warranted when, in light of a subsequent trial record, it is apparent that the determination was patently erroneous and produced unjust results. Earls, supra .
In this Court's previous ruling on Defendant's writ application, the writ panel thoroughly and carefully considered the merits of Defendant's claim that the trial court erred in finding him competent to proceed to sentencing despite the sanity commission's contrary recommendation. The panel concluded that on the showing made, which consisted of the transcript of the competency hearing during which Dr. Rafael Salcedo testified, the trial court did not abuse its discretion. The panel noted that the trial judge based his ruling on his year and a half of interaction with Defendant *532 during which he explicitly found Defendant understood the proceedings as demonstrated by his self-representation, his various conversations with the trial judge, and the questions he asked and arguments he made during trial. State v. Brignac , 16-694 (La. App. 5 Cir. 12/9/16) (unpublished writ disposition). In reviewing the full and complete record on appeal, which consists of the trial transcript as well as various motion hearing transcripts, we find no reason to disturb the writ panel's previous ruling on this issue. Defendant has failed to cite any new facts or additional jurisprudence indicating that this Court's prior disposition was patently erroneous and produced an unjust result, nor does the full record reveal any new evidence indicating such.[6]
Jury Trial Waiver
Defendant next argues that he was entitled to a jury trial but proceeded to a judge trial without a valid waiver. He notes the waiver of a jury trial cannot be presumed, but must be knowingly and voluntarily waived. He contends the record is silent on the issue of a jury trial waiver as there is no colloquy on the issue in any of the transcripts or any reference to a jury trial waiver in the minutes; thus, because there is no evidence of a valid jury trial waiver, he maintains his convictions and sentences should be set aside and the matter remanded for a new trial.
The State responded by filing a motion to supplement the record with a transcript of Defendant's jury trial waiver, which was granted by this Court. The supplement shows that on August 29, 2016, Defendant, appearing in proper person after having been granted the right to self-representation, the prosecutor and the trial judge were discussing the scheduling of trial in open court. The trial judge informed Defendant that trial would be set for August 31, 2016, to which Defendant assented. Defendant then stated, "Excuse me, Your Honor; for the record, I would like to do a Judge Trial." Defendant was sworn in and the following colloquy took place:
THE COURT:
Okay. Mr. Brignac, what you need to know is, you have the right to do that. You have the right to request a Judge Trial.
But what I want you to know is, is that for nineteen years of my life, I was an Assistant D.A., just like Mr. DeCoste over there. Okay?
I tried a lot of cases. Okay. Against Mr. Somoza, and other people that are in this building.
Alright? I want you to understand that, that I've seen and pretty much heard just about everything.
I'll be fair, I'll listen to all the evidence and go where it directs me, but I think it's important for you to understand what I did for a living before I became a Judge. Alright?
Knowing all of that, you still wish to proceed as a Judge Trial?
[DEFENDANT]:
Yes, sir.
THE COURT:
Okay. Alright. We'll do that. It will be a Judge Trial on Wednesday the 31st.
While this supplementation of the record controverts Defendant's claim that the record is silent on the issue of a jury trial *533 waiver, we are still faced with the issue of whether this jury trial waiver was valid.
Both the Sixth Amendment to the United States Constitution and La. Const. Art. I, § 17 (A) guarantee an accused the right to a trial by jury in felony and certain misdemeanor cases. Except in capital cases, a defendant may knowingly and intelligently waive his right to trial by jury and elect to be tried by the judge. La. Const. Art. I, § 17 ; La. C.Cr.P. art. 780(A) ; La. C.Cr.P. art. 782(B). "[A] criminal defendant's jury waiver is deemed knowing and intelligent when he understands 'that the choice confronting him is, on the one hand, to be judged by a group of people from the community, and on the other hand, to have his guilt or innocence determined by a judge.' " State v. Bazile , 12-2243 (La. 5/7/13), 144 So.3d 719, 733. "Greater proof of knowing and intelligent waiver has been neither constitutionally nor jurisprudentially required." Id.
While the trial judge must determine whether a defendant's jury trial waiver is knowing and intelligent, that determination does not require a " Boykin[7] -like" colloquy with the defendant, and the trial court is not obligated to conduct a personal colloquy inquiring into the defendant's educational background, literacy and work history. State v. Cummings , 10-891 (La. App. 5 Cir. 10/25/11), 79 So.3d 386, 400, writ denied , 11-2607 (La. 4/9/12), 85 So.3d 693. The defendant's prior criminal history may be considered in determining whether the defendant knowingly and intelligently waived his right to a jury trial. State v. Spurlock , 15-1173 (La. 9/25/15), 175 So.3d 955 (per curiam ).
Whether there is "an intelligent, competent, self-protecting waiver of jury trial by an accused" depends on the unique circumstances of each case. Bazile , supra .
Pursuant to La. C.Cr.P. art. 780, a jury trial waiver "shall be by written motion filed in the district court" no later than 45 days prior to the trial date, although the 45-day time requirement may be waived by the State.[8] In this case, there is no written jury trial waiver as required by La. C.Cr.P. art. 780 ; however, the absence of a written jury trial waiver is subject to a harmless error analysis. See State v. Brundy , 16-263 (La. App. 4 Cir. 8/24/16), 198 So.3d 1247, 1265, writ denied , 16-1748 (La. 6/16/17), 220 So.3d 755 ; State v. Bell , 13-1443 (La. App. 3 Cir. 6/4/14), 140 So.3d 830, 832 ; State v. McKnight , 16-310 (La. App. 1 Cir. 9/16/16), 2016 WL 4942398, 2016 La.App. Unpub. LEXIS 335, writ denied , 16-1769 (La. 6/16/17), 219 So.3d 340.
As noted by the Fourth Circuit, the failure to comply with the statutory requirement to make a written jury trial waiver does not deprive a defendant of a constitutional right where the record shows a knowing and intelligent oral waiver of the right to a jury trial. Brundy , 198 So.3d at 1262. In conducting a harmless error analysis where there is no written jury trial waiver as required by La. C.Cr.P. art. 780, the Fourth Circuit has looked to the jurisprudence regarding the validity of oral waivers before the 2013 amendment to La. C.Cr.P. art. 780 that required a written waiver. See State v. Mahogany , 17-377 (La. App. 4 Cir. 7/26/17), 225 So.3d 489, 506. In so doing, it has concluded that where the record shows a defendant knowingly and voluntarily waived his right to a jury, the lack of a written jury trial waiver is harmless. Id.
*534 Prior to the requirement under La. C.Cr.P. art. 780 that a jury trial waiver be in writing, the preferred practice for obtaining a valid waiver of the right to trial by jury was for the trial court to advise the defendant in open court of his right to a jury trial and for the defendant to personally waive the right, even though this practice was not statutorily required. State v. Pierre , 02-2665 (La. 3/28/03), 842 So.2d 321, 322 (per curiam ).
In a case very similar to the present one, State v. Bass , 06-2424 (La. App. 1 Cir. 3/26/08), 978 So.2d 1256, writ denied , 08-842 (La. 10/31/08), 994 So.2d 533, the appellate court found a valid jury trial waiver where the defendant, who was self-represented, advised the court that he wished to waive his right to a jury trial. The appellate court noted that this occurred during a status conference. Near the end of the conference, as the court attempted to assign a trial date, the following colloquy occurred:
[THE DEFENDANT]: Can I ask you one question? You're setting it for a bench trial with the judge?
THE COURT: That's what you wanted; right?
[THE DEFENDANT]: Yes, sir.
THE COURT: That's right.
[THE DEFENDANT]: Thank you, your Honor.
The appellate court concluded that this clearly reflected the defendant waived his right to a jury trial in open court. The court further noted that on the day of the defendant's bench trial, prior to its commencement, the trial court expressly announced, in the defendant's presence, that the right to a jury trial had been waived and the defendant did not object or express any disagreement. Noting that a determination of the knowing and intelligent nature of a jury trial waiver does not require a Boykin -like colloquy, the court found the record showed a valid waiver of the defendant's right to a jury trial.
We find that the record shows Defendant validly waived his right to trial by jury. At a hearing several months prior to his jury trial waiver, the trial court advised Defendant on the record of his right to either a jury or bench trial, noting "[a] trial, if you choose to go Judge Trial, would be me. But if you choose to go Jury would be twelve other prospective jurors who would hear all of this to make a determination." Thereafter, on August 29, 2016, Defendant independently raised the issue and explicitly stated that he wanted a judge trial. After the State waived the 45-day time period under La. C.Cr.P. art. 780, the trial court personally addressed Defendant, informed him of his right to choose a bench trial, and confirmed that it was Defendant's desire to be tried by the judge. Defendant personally and expressly agreed that he wished to proceed to a judge trial.
Additionally, the record reflects that Defendant had prior experience as an accused in a criminal prosecution. Although Defendant pled guilty in one of his prior criminal experiences and did not proceed to trial, he executed a waiver of rights form that advised him of his right to a trial by jury and he was further advised by the court of his right a trial by judge or jury.
Under these circumstances, we find Defendant knowingly and voluntarily waived his right to a jury trial. As such, the absence of a written waiver required by La. C.Cr.P. art. 780 was harmless. See State v. Young , 16-358 (La. App. 4 Cir. 10/5/16), 203 So.3d 351, 359, writ denied , 16-1961 (La. 9/6/17), 224 So.3d 988 (where the court found that the defendant's oral waiver of his right to trial by jury was knowingly and voluntarily made, thus making *535 the absence of a written waiver harmless).
ERRORS PATENT
In accordance with La. C.Cr.P. art. 920, we reviewed the record for errors patent and note one error that requires us to vacate Defendant's sentence on count three, illegal use of weapons. La. R.S. 14:94 provides that the term of imprisonment for illegal use of weapons shall be "with or without hard labor for not more than two years." Although the commitment reflects Defendant's sentence was imposed at hard labor, the sentencing transcript does not reflect the trial court ordered the sentence to be at hard labor or be served with the Department of Corrections. Where there is a discrepancy between the minutes and the transcript, the transcript prevails. State v. Lynch , 441 So.2d 732, 734 (La. 1983).
Where the applicable sentencing statute allows discretion, the sentencing court's failure to indicate whether the sentence is to be served with or without hard labor is an impermissible, indeterminate sentence. State v. Joseph , 16-191 (La. App. 5 Cir. 12/7/16), 205 So.3d 1013, writ denied , 17-299 (La. 11/17/17), 230 So.3d 216. Therefore, we are forced to vacate Defendant's sentence on count three for illegal use of weapons and remand the matter to the trial court for the imposition of a determinate sentence in accordance with La. C.Cr.P. art. 879.
DECREE
For these reasons, Defendant's conviction and sentence for his felon in possession of a firearm conviction (count one) are affirmed. His conviction for illegal use of weapons (count three) is also affirmed; however, his sentence on this conviction is vacated and the matter is remanded to the trial court for the imposition of a determinate sentence as discussed above.
CONVICTIONS AFFIRMED; SENTENCE ON COUNT ONE AFFIRMED; SENTENCE ON COUNT THREE VACATED; REMANDED FOR RESENTENCING
MARION F. EDWARDS, JUDGE PRO TEMPORE, J., DISSENTS WITH REASONS
I respectfully dissent from the majority opinion on the issue raised by defendant's second assignment of error relating to whether there was a valid waiver of the right to a jury trial in this matter. La. C.Cr.P. art. 780 clearly requires a written waiver, which does not exist in this record. The majority opinion acknowledges that, but finds the error to be harmless. I disagree. Considering the report and recommendation of the sanity commission, and the fact that this defendant was self-represented, I do not consider the oral waiver to be knowing and voluntary to the extent that it would render the failure to comply with the mandate of La. C.Cr.P. art 780 harmless error. Consequently, I would reverse the convictions and sentences.

Co-defendant, Devan Smith, was charged in count two of the bill of information with felon in possession of a firearm.

Faretta v. California , 422 U.S. 806, 95 S.Ct. 2525, 45 L.Ed.2d 562 (1975). See State v. Victor , 13-888 (La. App. 5 Cir. 12/23/14), 167 So.3d 118, 125, where this Court explained a defendant may represent himself only if he makes an unequivocal request to represent himself and knowingly and intelligently waives his right to counsel.

A subsequent search of the car pursuant to a warrant revealed a box of ammunition consistent with what is used in an assault rifle.

While the videotaped interview of Mr. Carr was played during trial, it was never introduced into evidence and is not a part of the appellate record.

Although Defendant asserts in his brief that the trial court erred in finding him competent to proceed "to trial," the record clearly shows the trial court simply found Defendant competent to proceed to sentencing. While Defendant's post-conviction motion to appoint a sanity commission requested an assessment of both his current mental state and his mental state as it existed at the time of trial, Dr. Salcedo testified at the competency hearing that he was not offering an opinion regarding Defendant's competency during trial since there was no pre-trial evaluation. He explained that he needed additional information, such as the trial transcript, before making a determination of Defendant's competency during trial. Dr. Salcedo clearly stated that his opinion was limited solely to Defendant's ability to move forward in the proceedings, specifically with sentencing.

We note the unusual posture of this case in that Defendant's writ application was taken after trial. The only proceeding that occurred after the writ disposition was the actual sentencing hearing, during which no new facts were developed regarding Defendant's competency.

Boykin v. Alabama , 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969).

In this case, the State waived the 45-day time period.